Douglas S. Gilliland, Esq. (SBN 157427)
THE GILLILAND FIRM
12526 High Bluff Drive, Suite 300
San Diego, California 92130
Telephone: (619) 878-1580
Facsimile:  (619) 878-6630
doug@thegillilandfirm.com

Attorneys for Plaintiffs ESTATE OF BRADLEY MUNROE, MARCI MUNROE and LEE MUNROE

# UNITED STATES DISTRICT COURT

# FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ESTATE OF BRADLEY MUNROE, by its successors in interest Marci Munroe and Lee Munroe, MARCI MUNROE, an individual, and LEE MUNROE, an individual,<br><br>   Plaintiffs,<br><br>   v.<br><br>CITY OF CHULA VISTA, a municipal corporation, ALFONSO PERDOMO, an individual, and DOES 1-10, inclusive,<br><br>   Defendants. | Case No.: **'23CV2253 RBM SBC**<br><br>**COMPLAINT**<br><br>1. Excessive Force – 42 U.S.C. 1983<br><br>2. Excessive Force – Civil Code 52.1<br><br>3. Right of Familial Association – Fourteenth Amendment |

   COME NOW Plaintiffs ESTATE OF BRADLEY MUNROE, by its successors-in-interest Marci Munroe and Lee Munroe, MARCI MUNROE, an individual, and LEE MUNROE, an individual, by and through their attorneys of record, THE GILLILAND FIRM, by Douglas S. Gilliland, Esq., and allege as follows:

## I.

## JURISDICTION AND VENUE

   1.   The United States District Court for the Southern District of California has original jurisdiction over the federal civil rights causes of action pled herein pursuant to 42 U.S.C. § 1983, the Fourteenth Amendment, and 28

1

COMPLAINT

U.S.C. § 1343(a)(3), and by the federal questions raised therein pursuant to 28 U.S.C. § 1331.

2. The United States District Court for the Southern District of California has supplemental jurisdiction over the pendent state law causes of action pled herein pursuant to 28 U.S.C. § 1367(a).

3. Venue of this controversy is proper in the Southern District of California pursuant to 28 U.S.C. 1391(b)(2) because a substantial part of the events, acts, and/or omissions giving rise to the claims herein occurred in the Southern District of California and, at all times relevant hereto, all parties resided in the Southern District of California.

## II.
## GENERAL ALLEGATIONS

4. At all times relevant to this Complaint, Bradley Munroe was an individual residing in the Southern District of California. Because of the facts alleged herein, Bradley Munroe was killed by Chula Vista Police Officer ALFONSO PERDOMO. Therefore, this lawsuit is brought in the name of the ESTATE OF BRADLEY MUNROE, by his biological parents and successors in interest, Marci Munroe and Lee Munroe.

5. At all times relevant to this Complaint, Plaintiff MARCI MUNROE was an individual residing in the Southern District of California.

6. At all times relevant to this Complaint, Plaintiff LEE MUNROE was an individual residing in the Southern District of California.

7. At all times relevant to this complaint, Defendant CITY OF CHULA VISTA was a municipal corporation located in the Southern District of California.

8. At all times relevant to this complaint, Defendant ALFONSO PERDOMO was an individual and police officer employed by Defendant CITY OF CHULA VISTA and was acting within the course and scope of that employment.

9. Plaintiffs are truly ignorant of the full names and identities of Defendant DOES 1-10 as well as the facts giving rise to their liability. Therefore, Plaintiffs sue these individuals under the designation of Defendant DOES 1-10. Plaintiffs will amend this Complaint to include the names and identities of these individuals once their true names and identities are ascertained as well as the fact giving rise to their liability.

## III.
## STATEMENT OF FACTS

10. Bradley Munroe was born and raised in Chula Vista, California by his biological parents, Plaintiffs MARCI and LEE MUNROE. Bradley was diagnosed with schizophrenia when he was 24 years old.

11. On December 17, 2022, Bradley was 32 years old. On that date, Bradley was having a schizophrenic episode. For reasons not clear, Bradley Munroe was very focused on glass. On that day, Bradley broke glass at the MUNROE residence.

12. Also at that time, Bradley Munroe was wearing two orthopedic boots, one on each foot. He was wearing two orthopedic boots because he had suffered lacerations to his ankles and Achilles tendon from broken glass during a prior schizophrenic episode a month earlier. An orthopedic boot has a rigid hard-plastic shell that prevents a patient's ankle/foot from flexing. This allows foot and ankle injuries to heal because it immobilizes the foot and ankle. It has a padded foam inner-boot for comfort, and adjustable Velcro straps to keep the boot in place.  See Figure 1.



*Figure 1*

13. It is difficult to walk in one orthopedic boot because the person wearing it has no flexion in one foot. It is very difficult to walk with one on each foot. So, Bradley Munroe was given a wheelchair.

14. The Chula Vista Police were called on December 17, 2023. They were aware this was a mental health call. They confronted Bradley and subdued him by using non-lethal force, i.e., shooting Bradley with beanbag rounds. The Chula Vista police drove him to the emergency department at UCSD Medical Center for a psychological evaluation.

15. The Chula Vista Police told MARCI and LEE MUNROE that they could not keep coming to the MUNROEs' home for Bradley's mental health crises.

16. The following day, December 18, 2022, the Munroes received a call from Bradley. He was down by the Walmart and Costco stores off Broadway in Chula Vista. MARCI MUNROE drove down to see him. MARCI returned later that day and wanted Bradley to get in her car for two reasons. First, over the years, MARCI and LEE MUNROE learned that a car ride had a very calming effect on Bradley. It would defuse his anxiety. Sometimes it would take hours of driving, but eventually Bradley would fall asleep. Second, MARCI wanted to take Bradley back to the hospital because it was clear he was not well.

17. Bradley got in her car and they drove for hours, eventually returning and parking near a Baskin & Robbins ice cream parlor which was in a strip mall near the same Walmart in Chula Vista. MARCI parked and the two walked towards Baskin & Robbins to get ice cream. Bradley still wore an orthopedic boot on each foot. He was using the wheelchair as a walker by gripping the push-handles.

18. Before they got to Baskin & Robbins, Bradley went back to MARCI's car and tried to break the windows using the butt-end of a pocketknife. A man came to MARCI's aid, and she explained that her son was having a schizophrenic episode. The man helped get Bradley away from the car, and MARCI was able to back out and get some space between her and her son. Bradley called MARCI on her cell phone and begged her to get out of the car because he said it was going to "explode."

19. Bradley walked towards the Costo parking lot. MARCI contacted her husband LEE MUNROE for help. LEE immediately started driving towards the Costco on Broadway. When LEE arrived, he saw Chula Vista Police cars driving around the parking lot apparently looking for Bradley. He could hear sirens as well.

20. Chula Vista Police Officer/Defendant ALFONSO PERDOMO was the first officer to locate Bradley. At that time, Bradley was standing next to his wheelchair and a black pickup truck that was parked with nobody inside. Bradley's backpack was on the ground next to his wheelchair. Bradley was still wearing both of his orthopedic boots.

21. Defendant PERDOMO parked and got his K-9 out of the back seat of his patrol car. The distance between where Bradley was standing and where Defendant PERDOMO parked was the width of four parking spots marked with paint on the blacktop parking lot. There were no other cars in those parking spots.

22. As Officer PERDOMO approached on foot, Bradley climbed into the back of the pickup truck. Bradley started hitting the back windows of the pickup truck with his pocketknife. Officer PERDMO then stopped and radioed as follows, "Start me with some pepper ball. Next unit go ahead and grab some beanbag. And a supervisor." Another police car arrived at the scene and other sirens can be heard in the background.

23. Officer PERDOMO ordered Bradley out of the bed of the pickup truck. Bradley got out of the truck. Bradley took two labored steps in his orthopedic boots and Officer PERDOMO shot Bradley five times. Bradley fell forward onto the parking lot. After Bradley fell to the ground wounded by the first five shots,



*Figure 2*

COMPLAINT

1  Officer PERDOMO paused, then shot Bradley a sixth time from approximately
2  five feet away. Figure 2 shows the position of Bradley's body on the asphalt
3  parking lot after being shot five times, but right before the sixth shot was fired. He
4  posed no threat whatsoever when Defendant PERDOMO shot him a sixth time.
5  Bradley's wheelchair can be seen between his body and the black truck.

6    24.    Bradley was dead 57 seconds after Officer PERDOMO and his K-9
7  exited the patrol car.

8    25.    LEE MUNROE was frantically trying to find Bradley when he heard
9  the gunshots. LEE and MARCI both went toward the sound of the gunfire and saw
10 their son Bradley dying on the pavement. He was 32.

## IV.

## GOVERNMENT CLAIMS FORM REQUIREMETS

13    26.    Plaintiffs, ESTATE OF BRADLEY MUNROE, MARCI MUNROE,
14 and LEE MUNROE, each filed claims pursuant to the California Tort Claims Act
15 with the CITY OF CHULA VISTA on May 11, 2023, pursuant to Government
16 Code § 910 et seq., regarding Bradley Munroe's death. Receipt of each claim was
17 acknowledged by email from Claims Management Associates, Inc. on May 12,
18 2023. The claims were timely filed within six months of the acts giving rise to the
19 claims pursuant to Government Code § 922.2.

20    27.    The CITY OF CHULA VISTA had 45 days to take action on the
21 claims. Forty-five days from May 11, 2023, is June 10, 2023. The CITY OF
22 CHULA VISTA did not take any action on the claims. Therefore, each claim has
23 been deemed denied by operation of law pursuant to Government code § 912.4 as
24 of June 10, 2023. Thus, all Plaintiffs, ESTATE OF BRADLEY MUNROE,
25 MARCI MUNROE, and LEE MUNROE, have exhausted their administrative
26 remedies and this lawsuit has been timely filed within six months from the date of
27 the denial of the claims by operation of law pursuant to Government Code § 945.6.
28 / / /

6

COMPLAINT

# V.

# FIRST CAUSE OF ACTION

## Excessive Force – 42 U.S.C. § 1983

**[By the ESTATE OF BRADLEY MUNROE against ALFONSO PERDOMO]**

Plaintiffs incorporate by reference all prior allegations pled in this Complaint with the same force and effect as if fully set forth herein.

28. Defendant ALFONSO PERDOMO deprived Bradley Munroe of his clearly established federal constitutional right under the Fourth Amendment to be free from unreasonable searches and seizures by using objectively unreasonable and excessive force against him, while acting under color of state law. The excessive force is evidenced by shooting Bradley Munroe five times when he was wearing an orthopedic boot on each foot and unable to ambulate without great difficulty and not able to ambulate with any speed, and shooting Bradley Munroe a sixth time while he lay helplessly on the asphalt parking lot suffering from the five prior gun shots to his body thereby rendering him unable to resist, advance, or pose any threat whatsoever to Defendant PERDOMO or anyone else. The excessive force was used when Bradley Munroe was not an immediate threat to the safety of Defendant PERDOMO and without regard to Bradley Munroe's clear physical and mental disabilities.

29. Defendants PERDOMO's use of excessive force was the moving force, substantial factor, and proximate cause of the harm to Bradley Munroe including physical pain, suffering, and emotional distress.

30. The conduct of Defendant PERDOMO constituting excessive force, justifies the imposition of punitive damages against him in order to punish him for his conduct, and to deter him from engaging in similar conduct in the future because the conduct was malicious, oppressive and/or in reckless disregard of Bradley Munroe's rights. The conduct was malicious because it was accompanied by ill will, spite and/or for the purpose of injuring Bradley Munroe. The conduct

was oppressive because it injured and/or damaged Bradley Munroe and/or violated his rights with unnecessary harshness and/or severity, and it was a misuse or abuse of authority or power by Defendant PERDOMO. The conduct was with a conscious disregard of Bradley Munroe's rights because, under the circumstances, it reflected a complete indifference to Bradley Munroe's safety or rights.

## VI.
## SECOND CAUSE OF ACTION
### Excessive Force – California Civil Code § 52.1
**[By the ESTATE OF BRADLEY MUNROE against ALFONSO PERDOMO]**

Plaintiffs incorporate by reference all prior allegations pled in this Complaint with the same force and effect as if fully set forth herein.

31. Defendant PERDOMO, whether or not acting under of color of state law, interfered by threat, intimidation, or coercion, or attempted to interfere by threat, intimidation, or coercion, with Bradley Munroe's exercise and/or enjoyment of his rights secured by the Fourth Amendment to the Constitution of the United States to be free from unreasonable searches and seizures and the use of excessive force.

32. Defendant PERDOMO's interference by threats, intimidation, or coercion, or attempted threats, intimidation, or coercion reasonably caused Bradley Munroe to believe that violence would be used against him for exercising his rights to be free from unreasonable searches and seizures secured by the Fourth Amendment to the Constitution of the United States.

33. Defendant PERDOMO's interference by threats, intimidation, or coercion, or attempted to interference by threats, intimidation, or coercion is evidenced by shooting Bradley Munroe five times when he was wearing an orthopedic boot on each foot and unable to ambulate without great difficulty and not able to ambulate with any speed, and shooting Bradley Munroe a sixth time while he lay helplessly on the asphalt parking lot suffering from the five prior gun

shots to his body thereby rendering him unable to resist, advance, or pose any threat whatsoever to Defendant PERDOMO or anyone else. The excessive force was used when Bradley Munroe was not an immediate threat to the safety of Defendant PERDOMO and without regard to Bradley Munroe's clear physical and mental disabilities.

34. Defendant PERDOMO's interference by threats, intimidation, or coercion, or attempted to interference by threats, intimidation, or coercion was the moving force, substantial factor, and proximate cause of the harm to Bradley Munroe including physical pain, suffering, and emotional distress.

35. The CITY OF CHULA VISTA is vicariously liable for the harm caused by Defendant PERDOMO to Bradley Munroe for the state law claims under the doctrine of *respondeat superior*, principles of vicarious liability, and California Government Code section 815.2(a) because Defendant PERDOMO was acting within the course and scope of his employment with the CITY OF CHULA VISTA when the harm was inflicted on Bradley Munroe.

36. The conduct of Defendant PERDOMO constituting excessive force, justifies the imposition of punitive damages against Defendant PERDOMO in order to punish him for his conduct, and to deter him from engaging in similar conduct in the future, because the conduct was malicious, oppressive and/or in reckless disregard of Bradley Munroe's rights. The conduct was malicious because it was accompanied by ill will, spite and/or for the purpose of injuring Bradley Munroe. The conduct was oppressive because it injured and/or damaged Bradley Munroe and/or violated Bradley Munroe's rights with unnecessary harshness and/or severity, and it was a misuse or abuse of authority or power by Defendant PERDOMO. The conduct was with a conscious disregard of Bradley Munroe's rights because, under the circumstances, it reflected a complete indifference to Bradley Munroe's safety or rights.

/ / /

# VII.

# THIRD CAUSE OF ACTION

### Right of Familial Association – Fourteenth Amendment

**[By MARCI MUNROE and LEE MUNROE against ALFONSO PERDOMO]**

Plaintiffs incorporate by reference all prior allegations pled in this Complaint with the same force and effect as if fully set forth herein.

37. Plaintiffs MARCI MUNROE and LEE MUNROE possess a constitutionally protected liberty interest in the companionship and society of their adult son Bradley Munroe. This liberty interest is rooted in the Fourteenth Amendment, which guarantees that "[n]o State shall . . . deprive any person of life, liberty, or property, without due process of law." U.S. Const. amend. XIV, § 1.

38. Defendant PERDOMO violated MARCI MUNROE and LEE MUNROE's constitutionally protected liberty interest in the companionship and society of their adult son Bradley Munroe by acts which shock the conscience under the substantive due process clause of the Fourteenth Amendment. Said acts include depriving Bradley Munroe of his clearly established federal constitutional right under the Fourth Amendment to be free from unreasonable searches and seizures by using objectively unreasonable and excessive force against him, while acting under color of state law. The excessive force is evidenced by shooting Bradley Munroe five times when he was wearing an orthopedic boot on each foot and unable to ambulate without great difficulty and not able to ambulate with any speed, and shooting Bradley Munroe a sixth time while he lay helplessly on the asphalt parking lot suffering from the five prior gun shots to his body thereby rendering him unable to resist, advance, or pose any threat whatsoever to Defendant PERDOMO. The excessive force was when Bradley Munroe was not an immediate threat to the safety of Defendant PERDOMO and without regard to Bradley Munroe's clear physical and mental disabilities.

/ / /

39. Said acts shock the conscience because Defendant PERDOMO acted with a purpose to harm Bradley Munroe for reasons unrelated to legitimate law enforcement objectives, and/or Defendant PERDOMO acted with a deliberate indifference to the rights and safety of Bradley Munroe.

40. Defendant PERDOMO's violation of Plaintiff MARCI MUNROE and LEE MUNROE's substantive due process rights guaranteed by the Fourteenth Amendment was the moving force, substantial factor, and proximate cause of the harm to Plaintiff MARCI MUNROE and LEE MUNRO, including general and special damages, pain, suffering, and emotional distress.

41. The conduct of Defendant PERDOMO constituting excessive force, justifies the imposition of punitive damages against Defendant PERDOMO in order to punish him for his conduct, and to deter him from engaging in similar conduct in the future, because the conduct was malicious, oppressive and/or in reckless disregard of MARCI MUNROE and LEE MUNROE's rights. The conduct was malicious because it was accompanied by ill will, spite and/or for the purpose of injuring MARCI MUNROE and LEE MUNROE's rights. The conduct was oppressive because it injured and/or damaged MARCI MUNROE and LEE MUNROE's rights and/or violated MARCI MUNROE and LEE MUNROE's rights with unnecessary harshness and/or severity, and it was a misuse or abuse of authority or power by Defendant PERDOMO. The conduct was with a conscious disregard of MARCI MUNROE and LEE MUNROE's rights because, under the circumstances, it reflected a complete indifference to MARCI MUNROE and LEE MUNROE's rights.

WHEREFOR, Plaintiffs pray as follows:

1. General and special damages according to proof at the time of trial;
2. Punitive damages against Defendant PERDOMO;
3. For all other damages, civil penalties, costs, interest, and attorneys'

fees as allowed by 42 U.S.C. §§ 1983 and 1988; California Civil Code §§ 52 et seq., 52.1; and as otherwise may be allowed by California and/or federal law.

DATED: December 8, 2023				THE GILLILAND FIRM

						s/ *Douglas S. Gilliland*
						Douglas S. Gilliland, Esq.
						Attorneys for Plaintiffs ESTATE OF
						BRADLEY MUNROE, MARCI
						MUNROE and LEE MUNROE